**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **Sherielee Figueroa,** | |
| Plaintiff, | **COMPLAINT AND JURY TRIAL DEMAND** |
| v. | No.: 6:15-cv-6526 |
| **KK Sub II, LLC, John Pharo, Area Manager, and Jennifer Hammel, District Manager,** | |
| Defendants. | |

## PRELIMINARY STATEMENT

Plaintiff, Sherielee Figueroa (hereinafter "plaintiff"), by and through her attorneys LaDuca Law Firm, LLP, Anthony J. LaDuca, seeks redress for sex discrimination, retaliation, sexual harassment and hostile work environment suffered in her capacity as a female employee of defendant, KK Sub II, LLC (hereinafter "defendant Subway"). Defendant John Pharo (hereinafter "defendant Pharo") is named as a defendant individually as Plaintiff's supervisor and direct participant in the discriminatory and retaliatory acts complained of herein. Defendant Jennifer Hammel (hereinafter "defendant Hammel") is named as a defendant individually as Plaintiff's supervisor and direct participant in the discriminatory and retaliatory acts complained of herein. Plaintiff was intentionally discriminated against by defendants, on the basis of her sex, subjected to a hostile work environment and unlawfully retaliated against and terminated in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law, §296.

## PARTIES

1. Plaintiff is, and was at all times herein mentioned, a resident of the City of Rochester, County of Monroe, State of New York.

2. Upon information and belief, defendant Subway, is a corporation, operating and doing business in New York State as an Authorized Foreign Business Corporation, incorporated in Texas and maintaining a principle place of business within the State of Texas. Defendant Subway, is an "employer" within the meaning of, and is subject to liability pursuant to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law.

3. Upon information and belief, defendant Pharo is a resident of the County of Monroe and at all times relevant, held managerial and supervisory positions within defendant Subway, specifically, as Area Manager.

4. Upon information and belief, defendant Hammel is a resident of the County of Erie and at all times relevant, held managerial and supervisory positions within defendant Subway, specifically, as District Manager and liaison to Human Resources personnel.

**JURISDICTION**

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331, in that this is a civil action that arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. Additionally, this Court has jurisdiction of this action pursuant to 28 U.S.C. §1367, in that this is a civil action with state law claims, specifically claims under Article 15 of New York State Executive Law §296, that arise out of the same transaction or occurrence as the underlying cause of action arising under federal law.

6. Plaintiff has exhausted all of her administrative remedies and timely dual filed her complaints with the Buffalo Area Equal Employment Opportunity Commission (hereinafter "EEOC") and the New York State Division of Human Rights (hereinafter "NYSDHR"). Plaintiff's charges were dismissed for administrative convenience on July 13, 2015.

7. Plaintiff's "Dismissal and Notice of Rights" letters from the EEOC were mailed to her on August 17, 2015.

8. The Plaintiff has complied with all the jurisdictional and administrative prerequisites to the action under the applicable statutes.

9. Any efforts by the NYSDHR and/or the EEOC to obtain a voluntary settlement with the defendants have been unsuccessful. The alleged unlawful practices of the defendants were not eliminated through conciliation, conference, and/or persuasion.

**VENUE**

10. Venue is properly laid with this court pursuant to 28 U.S.C. §1391(b)(2), based on the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Western District of New York.

**STATEMENT OF FACTS**

11. On or about August 19, 2013, plaintiff was hired by defendant Subway.

12. Plaintiff was hired to work at the Subway location, owned by defendant Subway, at 2200 Penfield Road, Penfield, New York 14526, as a Store Manager.

13. At all times during her employment plaintiff was a satisfactory employee.

14. Plaintiff was forced to endure a sexually hostile work environment for almost her entire employment with defendant Subway, based on crude and vulgar comments made by defendant Pharo, including calling plaintiff a "bitch," asking "to see her pierced nipples," and making sexual comments regarding a bottle of salad dressing about how "slippery it is" and how he could help her change the top to the bottle because "he always gets it in the right place."

15. On or about August 13, 2014 plaintiff was working with a female co-worker in the back of the Subway located at 2200 Penfield Road.

16. Plaintiff and her female co-worker were privately discussing plaintiff's new nipple piercings in the back food-prep room.

17. Defendant Pharo entered the room, interrupted plaintiff's private conversation, and repeatedly asked to see plaintiff's nipple piercings.

18. Plaintiff did not respond as she felt extremely uncomfortable and shortly thereafter made a phone call to speak with defendant Hammel, the District Manager and liaison to Human Resources personnel.

19. After failing to reach defendant Hammel plaintiff made a written request to speak with her on or about August 25, 2014.

20. Plaintiff stated in this written request, among other things, that she had concerns with defendant Pharo's conduct while at work, that she felt like her working environment was hostile, and that she had additional issues, which she did not wish to discuss in writing.

21. Subsequent to the written request, plaintiff communicated with defendant Hammel via telephone and text messaging, further describing her feelings of discomfort in working with defendant Pharo.

22. Defendant Hammel, however, waited approximately three weeks to meet with plaintiff to discuss her concerns.

23. During this time period both defendants Hammel and Subway failed to complete a thorough investigation and failed to interview any potential witnesses or circulate a reminder of defendant Subway's sexual harassment policy.

24. Defendant Hammel alleges that the three-week delay was due to her being located in the Buffalo office.

25. However, upon information and belief, defendant Hammel regularly visited other Rochester area stores during this time period, skipping plaintiff's Penfield Road location.

26. When defendant Hammel finally met with plaintiff she was accompanied by defendant Pharo.

27. During the meeting defendant Hammel said there was nothing she could do and that plaintiff and defendant Pharo should "hug it out." Plaintiff rejected the hug from defendant Pharo.

28. Shortly after this meeting, on or about September 25, 2014, plaintiff filed a complaint with the NYSDHR alleging sexual harassment.

29. Prior to filing her complaint with the NYSDHR on September 25, 2014, plaintiff informed several co-workers of her intention to do so.

30. The very next day, September 26, 2014, upon arriving at work, plaintiff was greeted by defendants Hammel and Pharo who had boxed up plaintiff's belongings and informed her that she was terminated.

31. Defendants initially gave plaintiff no reason for her termination, however they have since stated on several occasions, including a hearing held at the NYSDHR in Rochester, New York, that her termination was for attempting to obtain co-worker affidavits in support of her claim.

32. Shortly after her termination, on or about October 2, 2014, plaintiff filed a complaint with the NYSDHR alleging retaliation because of opposed discrimination.

33. Defendants Subway and Pharo submitted an answer to the NYSDHR or about October 21, 2014.

34. After a thorough investigation the NYSDHR issued determinations of probable cause for both complaints filed.

35. After several attempts to settle were unsuccessful, on or about July 8, 2015, Administrative Law Judge Edward Luban recommended that the NYSDHR dismiss the cases for administrative convenience to allow plaintiff the opportunity to pursue her remedies in Federal Court.

36. On or about July 13, 2015, the Honorable Helen Diane Foster, Commissioner of the NYSDHR, dismissed both cases for administrative convenience to allow plaintiff the opportunity to pursue her remedies in Federal Court.

37. Defendant Subway knew or reasonably should have known of defendant Pharo's inappropriate and discriminatory conduct.

38. Upon information and belief defendant Hammel has previously engaged in objectionable conduct, including sending pornographic and profanity laced text messages to co-workers.

39. Upon information and belief these text messages included photographs of unclothed women stating "Who the f**k wears tennis shoes to the shootin range," an unclothed woman with one leg, a man's penis, a deformed unclothed man, and other vulgar and inappropriate illustrations.

40. Defendant Subway knew or reasonably should have known that defendant Hammel had committed these acts and would be an improper choice for the position of liaison to human resources.

41. Plaintiff's termination and sexual harassment has caused her to suffer extreme mental anguish, emotional distress, humiliation and pecuniary losses.

### AS AND FOR A FIRST CAUSE OF ACTION
### PLAINTIFF ALLEGES AS FOLLOWS

42. Plaintiff repeats and re-alleges paragraphs 1 through 41 as if fully set forth and incorporated herein.

43. By such acts and conduct, defendant Subway discriminated against plaintiff in the conditions, and privileges of employment based upon plaintiff's sex, specifically taking the form of sexual harassment, in violation of Title VII.

44. As a direct and proximate result of the defendant Subway's unlawful discrimination, plaintiff has experienced pain, suffering, humiliation and loss of reputation.

45. As a direct and proximate cause of defendant Subway's unlawful sexual harassment, plaintiff has suffered substantial damages, including pecuniary loss, mental anguish, loss of enjoyment of life, humiliation, loss of reputation and other non-pecuniary losses.

### AND AS FOR A SECOND CAUSE OF ACTION
### PLAINTIFF ALLEGES AS FOLLOWS

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully set forth and incorporated herein.

47. Defendant Subway retaliated against plaintiff because she complained of sexual harassment and/or sex discrimination, in violation of Title VII. Said retaliation included, *inter alia*, creating a hostile work environment, demeaning plaintiff and otherwise forcing her to work in continued physical proximity to defendant Pharo.

48. As a direct and proximate result of defendants Subway's unlawful discrimination, plaintiff has experienced pain, suffering, humiliation and loss of reputation.

49. As a direct and proximate result of defendant Subway's unlawful retaliation, plaintiff has suffered substantial damages, including pecuniary losses, mental anguish, loss of enjoyment of life, humiliation, loss of reputation and other non-pecuniary losses.

## AS AND FOR A THIRD CAUSE OF ACTION
## PLAINTIFF ALLEGES AS FOLLOWS

50. Plaintiff repeats and re-alleges paragraphs 1 through 49 as if fully set forth and incorporated herein.

51. Defendant Subway terminated plaintiff's employment because she complained of sexual harassment and/or sex discrimination. Said termination was retaliatory and in direct violation of Title VII.

52. As a direct and proximate result of defendant Subway's unlawful retaliation, plaintiff has experienced pain, suffering, humiliation and loss of reputation.

53. As a direct and proximate result of defendant Subway's unlawful retaliation, plaintiff has suffered substantial damages, including pecuniary losses, mental anguish, loss of enjoyment of life, humiliation, loss of reputation and other non-pecuniary losses.

## AS AND FOR A FOURTH CAUSE OF ACTION
## PLAINTIFF ALLEGES AS FOLLOWS

54. Plaintiff repeats and re-alleges paragraphs 1 through 53 as if fully set forth and incorporated herein.

55. By such acts and conduct, defendant Subway discriminated against plaintiff in the conditions, and privileges of employment based upon plaintiff's sex, specifically taking the form of sexual harassment, in violation of New York State Executive Law.

56. As a direct and proximate result of defendant Subway's unlawful discrimination, plaintiff has experienced pain, suffering, humiliation and loss of reputation.

57. As a direct and proximate result of defendant Subway's unlawful sexual harassment, plaintiff has suffered substantial damages, including pecuniary losses, mental anguish, loss of enjoyment of life, humiliation, loss of reputation and other non-pecuniary losses.

### AS AND FOR A FIFTH CAUSE OF ACTION
### PLAINTIFF ALLEGES AS FOLLOWS

58. Plaintiff repeats and re-alleges paragraphs 1 through 57 as if fully set forth and incorporated herein.

59. Defendant Subway retaliated against plaintiff because she complained of sexual harassment and/or discrimination, in violation of New York State Executive Law. Said retaliation included, *inter alia*, creating a hostile work environment, demeaning plaintiff and otherwise forcing her to work in continued physical proximity to defendant Pharo.

60. As a direct and proximate result of defendant Subway's unlawful retaliation, plaintiff has experienced pain, suffering, humiliation and loss of reputation.

61. As a direct and proximate result of defendant Subway's unlawful retaliation, plaintiff has suffered substantial damages, including pecuniary losses, mental anguish, loss of enjoyment of life, humiliation, loss of reputation and other non-pecuniary losses.

### AS AND FOR A SIXTH CAUSE OF ACTION
### PLAINTIFF ALLEGES AS FOLLOWS

62. Plaintiff repeats and re-alleges paragraphs 1 through 61 as if fully set forth and incorporated herein.

63. Defendant Subway terminated plaintiff's employment because she complained of sexual harassment and/or sex discrimination. Said termination was retaliatory and in direct violation of the New York State Executive Law.

64. As a direct and proximate result of defendant Subway's unlawful retaliation, plaintiff has experienced pan, suffering, humiliation and loss of reputation.

65. As a direct and proximate result of defendant Subway's unlawful retaliation, plaintiff has suffered substantial damages, including pecuniary losses, mental anguish, loss of enjoyment of life, humiliation, loss of reputation and other non-pecuniary losses.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## PLAINTIFF ALLEGES AS FOLLOWS

66. Plaintiff repeats and re-alleges paragraphs 1 through 65 as if fully set forth and incorporated herein.

67. Defendant Pharo aided and abetted defendant Subway in the aforementioned acts of sex discrimination, sexual harassment and retaliation.

68. By said acts of aiding and abetting, defendant Pharo violated the New York State Executive Law.

69. As aider and abettor, defendant Pharo is liable to plaintiff for compensation for extreme mental anguish and emotional distress.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## PLAINTIFF ALLEGES AS FOLLOWS

70. Plaintiff repeats and re-alleges paragraphs 1 through 69 as if fully set forth and incorporated herein.

71. Defendant Hammel aided and abetted defendant Subway in the aforementioned acts of sex discrimination, sexual harassment and retaliation.

72. By said acts of aiding and abetting defendant Subway, defendant Hammel violated the New York State Executive Law.

73. By said acts of aiding and abetting defendant Subway, defendant Hammel is liable to plaintiff for compensation for extreme mental anguish and emotional distress.

## **PRAYERS FOR RELIEF**

74. **WHEREFORE**, for her first cause of action, plaintiff prays this Court to:

    a. Declare defendant Subway's conduct to be in violation of plaintiff's rights under Title VII to be free from sexual harassment;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff punitive damages in an amount to be proved at trial;

    e. Award plaintiff costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

75. **WHEREFORE**, for her second cause of action, plaintiff prays this Court to:

    a. Declare defendant Subway's conduct to be in violation of plaintiff's rights under Title VII to be free from retaliatory treatment;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff punitive damages in an amount to be proved at trial;

    e. Award plaintiff the costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

76. **WHEREFORE**, for her third cause of action, plaintiff prays for this Court to:

    a. Declare defendant Subway's conduct to be in violation of plaintiff's rights under Title VII to be free from retaliatory discharge;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff punitive damages in an amount to be proved at trial;

    e. Award plaintiff costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

77. **WHEREFORE**, for her fourth cause of action, plaintiff prays for this Court to:

    a. Declare defendant Subway's conduct to be in violation of plaintiff's rights under the New York State Executive Law to be free from sexual harassment;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

78. **WHEREFORE**, for her fifth cause of action, plaintiff prays this Court to:

    a. Declare defendant Subway's conduct to be in violation of plaintiff's rights under the New York State Executive Law to be free from retaliatory treatment;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff the costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

79. **WHEREFORE**, for her sixth cause of action, plaintiff prays this Court to:

    a. Declare defendant Subway's conduct to be in violation of plaintiff's rights under the New York State Executive Law to be free from retaliatory discharge;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff the costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

80. **WHEREFORE**, for her seventh cause of action, plaintiff prays this Court to:

    a. Declare defendant Pharo's conduct to be in violation of plaintiff's rights under the New York State Executive Law to be free from sexual harassment, retaliatory treatment, and retaliatory discharge;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff the costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

81. **WHEREFORE**, her eighth cause of action, plaintiff prays this Court to:

    a. Declare defendant Hammel's conduct to be in violation of plaintiff's rights under the New York State Executive Law to be free from sexual harassment, retaliatory treatment, and retaliatory discharge;

    b. Award plaintiff make whole compensation including back pay, front pay, and benefits, plus interest;

    c. Award plaintiff compensatory damages in an amount to be proved at trial;

    d. Award plaintiff the costs of this action, attorney's fees, and such other relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

82. Plaintiff demands a jury to try all claims triable by a jury in this action.

DATED:     September 3, 2015

                Respectfully submitted,


                 /s/ Anthony J. LaDuca

                Anthony J. LaDuca, Esq.
                LaDuca Law Firm, LLP
                Attorneys for Plaintiff
                125 State Street
                Rochester, New York 14614
                Tel: (585) 454-1000
                Fax: (585) 327-5050