UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHERIELEE FIGUEROA,

                Plaintiff,

                                                  Civil Action No.: 1:15-CV-6526

vs.

KK SUB II, LLC,
JOHN PHARO, AREA MANAGER, and
JENNIFER HAMMEL, DISTRICT MANAGER,

                Defendants.

---

### DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 56(a) of the Federal Rules of Civil Procedure for the United States District Court for the Western District of New York, the Defendants hereby submit the following statement of material facts as to which there is no genuine issues to be tried.

**Preliminary Facts**

1. At all times relevant, the Plaintiff, Sherielee Figueroa, was a resident of the City of Rochester, County of Monroe, State of New York. (Complaint, dated September 3, 2015, ¶1).

2. At all times relevant, the Defendant, KK Sub II, LLC ("KK Sub II"), was a limited liability company, operating and doing business in New York State as an authorized foreign limited liability company, incorporated in Texas and maintaining a principle place of business within the State of Texas. (Complaint, dated September 3, 2015, ¶2).

3. At all times relevant, the Defendant, KK Sub II, operated Subway restaurants throughout the Rochester, New York area and is an "employer" within the meaning of, and is subject to liability pursuant to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Article 15 of the New York State Executive Law. (Complaint, dated September 3, 2015, ¶2).

4. At all times relevant, the Defendant, John Pharo ("Pharo"), was a resident of the County of Monroe and at relevant times, held managerial and supervisory positions within KK Sub II specifically "Area Manager." (Complaint, dated September 3, 2015, ¶3).

5. At all times relevant, the Defendant, Jennifer Hammell, was a resident of the County of Erie and at times relevant, held managerial and supervisory positions

within KK Sub II, specifically, as District Manager and liaison to Human Resources personnel. (Complaint, dated September 3, 2015, ¶4).

6. That on or about August 19, 2013, the Plaintiff was hired by KK Sub II. (Complaint, dated September 5, 2015, ¶11).

7. Plaintiff was hired to work at the Subway location, owned by KK Sub II at 2200 Penfield Road, Penfield, New York 14526, as Store Manager. (Complaint, dated September 5, 2015, ¶12).

## Res Gestae Facts

8. That at some unknown date during Plaintiff's thirteen (13) month employment with KK Sub II, Defendant Pharo used the word 'bitch' in a text message directed to the Plaintiff. (Complaint, dated September 3, 2015, ¶ XYZ)

9. That at some unknown date during Plaintiff's thirteen (13) month employment with KK Sub II, Defendant Pharo stated to Plaintiff and co-workers who were present, regarding a bottle of salad dressing about how "slippery it is" and how he could help her change the top of the bottle because "he always gets it in the right place." (Complaint, dated September 3, 2015, ¶ 14)

10. In reference to the facts alleged in "9" above, Plaintiff "took" or interpreted those words and phrases to connote sexual activity, i.e., that the words spoken were "sexual comments." (Complaint, dated September 3, 2015, ¶ 14)

11. That on August 13, 2013, the Plaintiff was discussing recent bi-lateral breast nipple piercings with co-workers at the Penfield Subway location, and Pharo expressed interest in observing Plaintiff's piercings. (Complaint, dated September 3, 2015, ¶ 14; Figueroa Deposition Transcript pg. 83, L. 8-25, pg. 84, L. 2-12) [Pharo admits so much of the factual allegation that Plaintiff was discussing her nipple piercings at work with co-employees; he testified that upon learning what portion of the Plaintiff's body had been pierced, he turned away from Plaintiff and disavowed any interest in the subject. (Pharo Deposition Transcript pg. 32-33 L. 24-7)]

## Sequelae Facts

12. That on or about August 15, 2014, the Plaintiff contacted defendant Hammell, the District Manager and liaison to Human Resources personnel, via phone. (Complaint, dated September 3, 2015,¶18)

13. That on or about August 25, 2014, the Plaintiff wrote to defendant Hammell requesting a meeting with defendant Hammell. (Complaint, dated September 3, 2015, ¶19)

14. That on or about September 25, 2014, the Defendants Hammell and Pharo met with the Plaintiff after an internal investigation and inquiry was made into the allegations of the Plaintiff. (Complaint, dated September 3, 2015, ¶26).

15. That shortly after this meeting, on or about September 25, 2014, Plaintiff filed a complaint with NYSDHR alleging sexual harassment. (Complaint, dated September 3, 2015, ¶28).

16. That the Plaintiff was terminated on September 26, 2014. (Complaint, dated September 3, 2015, ¶30)

17. The Plaintiff was terminated for abusing her supervisory position to obtain false statements from employees. (Complaint, dated September 3, 2015, ¶31).

18. Shortly after her termination, on or about October 2, 2014, plaintiff filed a complaint with the NYSDHR alleging retaliation. (Complaint, dated September 3, 2015, ¶32).

19. On or about July 13, 2015, the Honorable Helen Diane Foster, Commissioner of the NYSDHR, dismissed both cases for administrative convenience. (Complaint, dated September 3, 2015, ¶36).

s/ Justin S. White

---

JUSTIN S. WHITE
*Attorney for the Defendants*
*KK SUB II LLC and JOHN PHARO*
5662 Main Street
Williamsville, NY 14221
(716) 631-9100
e-mail: jwhite@sbwattorneys.com

s/ Andrew Fleming

---

ANDREW FLEMING, ESQ.
Attorney for the Defendant, Hammerl
S-5113 South Park Avenue
Hamburg, NY 14075
(716) 648-3030
e-mail: andy@cf-legal.com