UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

SHERIELEE FIGUEROA,

                         Plaintiff,

       vs.

                                       Civil Action No. 6:15-cv-6526

KK SUB II, LLC, JOHN PHARO,
AREA MANAGER, and JENNIFER
HAMMELL, DISTRICT MANAGER

                        Defendants.

———————————————————————————

## PROPOSED JURY INSTRUCTIONS

       Plaintiff Sherielee Figueroa, through her counsel, pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Pretrial Order, respectfully submits the following proposed jury instructions:

# **TABLE OF CONTENTS**

JURY CHARGES PROPOSED BY
PLAINTIFF SHERIELEE FIGUEROA

PLAINTIFF'S JURY CHARGE NO. 1: JUDICIAL NOTICE ................................................. 1

PLAINTIFF'S JURY CHARGE NO. 2: STIPULATION OF FACTS ..................................... 2

PLAINTIFF'S JURY CHARGE NO. 3: DEPOSITION OR HEARING TESTIMONY IN LIEU OF
LIVE TESTIMONY ........................................................................... 3

PLAINTIFF'S JURY CHARGE NO. 4: TITLE VII INTRODUCTORY INSTRUCTION .................. 4

PLAINTIFF'S JURY CHARGE NO. 5: TITLE VII RETALIATION ELEMENTS ............................ 5

PLAINTIFF'S JURY CHARGE NO. 6: RETALIATION - PRETEXT ..................................... 8

PLAINTIFF'S JURY CHARGE NO. 7: SHIFTING BURDEN IN MIXED-MOTIVE CASE ............. 10

PLAINTIFF'S JURY CHARGE NO. 8: AIDING AND ABETTING ..................................... 11

PLAINTIFF'S JURY CHARGE NO. 9: COMPENSATORY DAMAGES ......................................... 12

PLAINTIFF'S JURY CHARGE NO. 10: BACK PAY ........................................................ 15

PLAINTIFF'S JURY CHARGE NO. 11: FRONT PAY ...................................................... 16

PLAINTIFF'S JURY CHARGE NO. 12: NOMINAL DAMAGES ...................................... 18

PLAINTIFF'S JURY CHARGE NO. 13: PUNITIVE DAMAGES........................................ 19

**PLAINTIFF'S JURY CHARGE NO. 1**

<u>**JUDICIAL NOTICE**</u>

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced to prove them to be true. You are required to accept these facts as true in reaching your verdict.

Adapted from: *Modern Federal Civil Jury Instruction* 74-3.

**PLAINTIFF'S JURY CHARGE NO. 2**

**STIPULATION OF FACTS**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Adapted from: *Modern Federal Civil Jury Instruction* 74-4.

**PLAINTIFF'S JURY CHARGE NO. 3**

**DEPOSITION OR HEARING TESTIMONY IN LIEU OF LIVE TESTIMONY**

A deposition or hearing testimony is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial or for other reasons, the deposition or hearing testimony of that person may be used at the trial.

You should consider deposition or hearing testimony presented to you in court in lieu of live testimony, insofar as possible, in the same way if the witness has been present to testify. Do not place any significance on the behavior or tone of the voice of any person reading the questions or answers.

Adapted from: *Ninth Circuit Manual of Model Jury Instructions Civil,* § 2.4,
http://www.akd.uscourts.gov/docs/general/model_jury_civil.pdf

## PLAINTIFF'S JURY CHARGE NO. 4

## <u>TITLE VII INTRODUCTORY INSTRUCTION</u>

Title VII of The Civil Rights Act of 1964, as amended, is a federal statute that makes it unlawful for an employer, like Defendants, to take adverse employment action against an employee who has previously engaged in conduct protected by Title VII of the Civil Rights Act. Examples of conduct protected by Title VII of the Civil Rights Act are testifying, assisting, or participating in any manner in any investigation, proceedings or hearing under Title VII of the Civil Rights Act, and objecting or complaining about conduct that is reasonably believed to be discriminatory or retaliatory. When an employee engages in such conduct, it is referred to as "protected activity" and/or "protected conduct."

In this case, Ms. Figueroa makes a claim that Defendants terminated her employment after she engaged in protected conduct. Defendants deny this claim and claim that it had legitimate, non-retaliatory reasons for their adverse employment actions against Ms. Figueroa.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.0. http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf

## PLAINTIFF'S JURY CHARGE NO. 5

## TITLE VII RETALIATION ELEMENTS

For Ms. Figueroa to prevail on her Civil Rights retaliation claim, she must prove the following four elements by a preponderance of the evidence:

First, that she engaged in a protected conduct.

Second, that the Defendants were aware of her participation in the protected conduct.

Third, Defendants took adverse action against her.

Fourth, there was a causal connection between the protected conduct and the adverse employment action.[1]

Concerning the first element, "A plaintiff engages in 'protected [conduct] when she (i) opposes employment practices prohibited under Title VII; (2) makes a charge of discrimination [or retaliation]; or (3) participates in an investigation, proceeding or hearing arising under Title VII."[2] Informal protests of discrimination, such as "making complaints to management" and "expressing support of co-workers who have filed formal charges" are also recognized forms of protected conduct.[3]

Ms. Figueroa claims that she engaged in the following protected conduct: (1) raising the issue of John Pharo's conduct with Jennifer Hammell in August and September,

---

[1]     *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 838, 844 (2d Cir. 2013), cited at Decision and Order, dated December 15, 2014 (Docket # 39), at pg. 13

[2]     *Bundschuh v. Inn on the Lake Hudson Hotels, LLC*, 914 F. Supp. 2d 395, 405 (W.D.N.Y. 2012), *cited* at Decision and Order, dated December 15, 2014 (Docket # 39), at pg. 14

[3]     *Matima v. Celli*, 228 F.3d 68, 78-79 (2d Cir. 2000), (quoting *Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990)), cited at Decision and Order, dated December 15, 2014 (Docket # 39), at pg. 14.

2014, (2) soliciting statements from other KK Sub II employees concerning Mr. Pharo's conduct, and (3) filing a complaint on September 25, 2014, with the New York State Division of Human Rights about Mr. Pharo's conduct.[4]

Ms. Figueroa claims that she engaged in these activities in the good faith belief that she was being subjected to sexual harassment. Sexual harassment under these circumstances requires proof of certain elements: First: that the Plaintiff was subjected to sexual innuendo and commentary by John Pharo, that this conduct was not welcomed by the Plaintiff, that it was motivated by the fact that she is a woman, that it was so severe or pervasive that a reasonable person in her position would find her work environment to be hostile or abusive, and that she believed her work environment to be hostile or abusive as a result of Mr. Pharo's conduct.

It is not necessary, however, for Ms. Figueroa to establish that she met these five elements and was was subjected to a hostile work environment as defined by our law. She does not need to prove the merits of her complaints about Mr. Pharo's conduct, only that she was acting under a reasonable, good faith belief that her right to be free from discrimination on the basis of sex was violated.

Concerning the second element, it is not necessary that the particular individuals who carried out an adverse employment action knew of the protected conducted engaged in by Ms. Figueroa. General corporate knowledge that Ms. Figueroa had engaged in protected conduct is sufficient to satisfy this element.[5]

---

[4]     Decision and Order, dated December 15, 2014 (Docket # 39), at pg. 14-15

[5]     *Henry v. Wyeth Pharmaceuticals, Inc.*, 616 F.3d 134, 147-48 (2d Cir. 2010) ("'Neither this nor any other circuit has ever held that, to satisfy the knowledge

Concerning the third element, the term "adverse employment action" means action that "well [could] dissuad[e] a reasonable worker from making or supporting a charge of discrimination."[6] Ms. Figueroa's termination of employment is sufficient, in and of itself, to satisfy her requirement of an adverse employment action.[7]

Concerning the fourth element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Defendants' action followed shortly after Defendants became aware of Ms. Figueroa's engagement in protected conduct. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Ms. Figueroa or a change in demeanor toward her.

On the other hand, your verdict must be for the Defendants if Ms. Figueroa has failed to prove that her engagement in a protected conduct led to the adverse employment action against her.

.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.1.7, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf. *See also McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001).

---

requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity.' We then rejected the argument that in order to satisfy the causation requirement, a plaintiff must show that the particular individuals who carried out an adverse action knew of the protected activity").

[6]      *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53. 68 (2006).

[7]      *Reynoso v. All Foods, Inc.,* 908 F.Supp.2d 330, 342 (E.D.N.Y. 2012) (stating that plaintiff's "termination clearly constitutes an adverse employment action.")

## PLAINTIFF'S JURY CHARGE NO. 6

### RETALIATION - PRETEXT

If you conclude that Ms. Figueroa has established a causal connection between an adverse employment action and her engagement in protected conduct, then you may consider any legitimate non-discriminatory reasons stated by Defendants for their adverse employment actions against Ms. Figueroa. Ms. Figueroa was an at-will employee, and an employer may terminate an at-will employee for any reason unless her discharge violated state or federal law, including Title VII of the Civil Rights Act. Defendants are allowed to use their business judgment in making personnel decisions, as long as it does not violate the law. However, you do not have to accept Defendants' business judgment claim at face value.

Defendants have given nondiscriminatory reasons for the adverse employment actions it took against Ms. Figueroa. If you disbelieve Defendants' explanations for their conduct, then you may, but need not, find that Ms. Figueroa has proved retaliatory discrimination. You cannot find retaliatory discrimination simply because you disagree with the business judgment of Defendants or believe it is harsh or unreasonable. You are not to consider Defendants' wisdom. However, you may consider whether Defendants' reason is merely a cover-up for discrimination and/or retaliation. You should scrutinize the nondiscriminatory reasons given by the Defendants, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decisions, then you may infer or not infer, as you choose, that the pretext was designed to conceal retaliatory discrimination.

Although the Plaintiff must prove that Defendants acted with the intent to discriminate, she is not required to prove that the Defendants acted with the particular intent to violate her federal civil rights. Moreover, Plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

For example, the Plaintiff has claimed that Defendants did not conduct any meaningful inquiry into the claim that she was abusing her supervisory position to obtain false statements about Mr. Pharo's conduct and did not consider any information that contradicted this claim. She argues that this casts doubt on Defendants' argument that her employment was terminated for that reason.

Ultimately, you must decide whether Ms. Figueroa has proven that her engagement in protected conduct was a determinative factor in the termination of Ms. Figueroa's employment. "Determinative factor" means that if not for Plaintiff's engagement in protected conduct, the adverse employment action claimed by Ms. Figueroa would not have occurred.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.1.2, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf; *see also St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506-09 (1993).

**PLAINTIFF'S JURY CHARGE NO. 7**

**SHIFTING BURDEN IN MIXED-MOTIVE CASE**

If you find that Ms. Figueroa was terminated for both lawful and unlawful reasons, that is, if you find that retaliation played a motivating role in the decision to terminate her, but that Defendants also had legitimate reasons to terminate her, then you must find for Ms. Figueroa unless Defendants have proved by a preponderance of the evidence that they would have made this decision even without the retaliatory reason.

Authority: *Ostrowski v. Atlantic Mutual Ins. Co.,* 968 F.2d 171, 176 (2d Cir. 1992).

## PLAINTIFF'S JURY CHARGE NO. 8

## AIDING AND ABETTING

If you find that the Defendants violated the Plaintiff's civil rights by terminating her employment for engaging in protected activities, you must also decide if Defendant Jennifer Hammell participated in the decision to fire her. If by a preponderance of the evidence you find that she actually participated in this conduct, you will find her liable for aiding and abetting the discriminatory conduct.

Authority: New York State Executive Law § 296(6); *Tomkin v Seiler Corp.*, 66 F.3d 1295, 1317 (2nd Cir. 1995).

## PLAINTIFF'S JURY CHARGE NO. 9

## <u>COMPENSATORY DAMAGES</u>

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendants should be held liable.

If you find that Defendants retaliated against Ms. Figueroa because of her engagement in a protected conduct, then you must consider the issue of compensatory damages. You must award Ms. Figueroa an amount that will fairly compensate her for any injury she actually sustained as a result of Defendants' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Ms. Figueroa in the position she would have occupied if the retaliatory discrimination had not occurred. Ms. Figueroa has the burden of proving damages by a preponderance of the evidence.

Ms. Figueroa must show that the injury would not have occurred without Defendants' act. She must also show that Defendants' unlawful act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendants' unlawful act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Defendants' actions were motivated by retaliatory discrimination.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of

damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Figueroa experienced as a consequence of Defendants' unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Figueroa would have earned, either in the past or in the future, if she had continued in employment with Defendants. These elements of recovery of wages that she would have received from Defendants are called "back pay" and "front pay." "Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

You may award damages for monetary losses that Ms. Figueroa may suffer in the future as a result of Defendants' allegedly unlawful act or omission. For example, you may award damages for loss of earnings resulting from any harm to her reputation that was suffered as a result of Defendants' allegedly unlawful act. Where a victim of discrimination or retaliation has been terminated by an employer, and has sued that employer for discrimination or retaliation, she may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination or retaliation had not

- 13 -

occurred. That element of damages is distinct from the amount of wages Ms. Figueroa would have earned in the future from Defendants if she had retained the job.

As I instructed you previously, Ms. Figueroa has the burden of proving damages by a preponderance of the evidence. But the law does not require that she prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Ms. Figueroa has a duty under the law to "mitigate" her damages--that means that he must have taken advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Defendants. It is Defendants' burden to prove that Ms. Figueroa has failed to mitigate. If Defendants persuade you by a preponderance of the evidence that Ms. Figueroa failed to take advantage of an opportunity that was reasonably available to her, such as other employment, then you must reduce the amount of her damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.1, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf; *Modern Federal Civil Jury Instruction* 77-3.

## PLAINTIFF'S JURY CHARGE NO. 10

## BACK PAY

You may award as actual damages an amount that reasonably compensates Ms. Figueroa for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that she would have received from Defendants had she not been the subject of Defendants' retaliatory discrimination.

Back pay damages, if any, apply from the time Defendants retaliated against Ms. Figueroa because of her engagement in a protected conduct until the date of your verdict.

You must reduce any award by the amount of the expenses that Ms. Figueroa would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Ms. Figueroa has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.3, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf; *see also Dunlap-McCuller v. Riese Org.,* 980 F.2d 153, 159 (2d Cir. 1992).

## PLAINTIFF'S JURY CHARGE NO. 11

## <u>FRONT PAY</u>

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Ms. Figueroa would reasonably have earned from Defendants had Ms. Figueroa not been subjected to adverse employment action for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Ms. Figueroa will receive from other employment during that time. Ms. Figueroa has the burden of proving these damages by a preponderance of the evidence.

If you find that Ms. Figueroa is entitled to recovery of future earnings from Defendants, then you must reduce any award by the amount of the expenses that she would have incurred in making those earnings.

You must also reduce any award to its present value by considering the interest that Ms. Figueroa could earn on the amount of the award if she made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to Ms. Figueroa if she receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Ms. Figueroa can earn interest on it for the period of time between the date of the award and the date she would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Ms. Figueroa can earn on that amount in the future.

- 16 -

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.4, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf; *see also Dunlap-McCuller,* 980 F.2d at 159.

## PLAINTIFF'S JURY CHARGE NO. 12

## <u>NOMINAL DAMAGES</u>

If you return a verdict for Ms. Figueroa, but she has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.5, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf

## PLAINTIFF'S JURY CHARGE NO. 13

## <u>PUNITIVE DAMAGES</u>

Ms. Figueroa claims the acts of Defendants were done with malice or reckless indifference to her federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a Defendants, or to deter the Defendants and others like the Defendants from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Defendants personally acted with malice or reckless indifference to Ms. Figueroa's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a Defendants for a malicious or reckless disregard of

federal rights, or to deter a Defendants and others like the Defendants from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendants. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendants from again performing any wrongful acts they may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Defendants may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter Defendants or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a Defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the Defendants' financial resources. Therefore, if you find that punitive damages should be awarded against Defendants, you may consider the financial resources of Defendants in fixing the amount of those damages.

Adapted from: *Third Circuit Instructions for Employment Discrimination Claims Under Title VII*, § 5.4.2, http://www.ca3.uscourts.gov/sites/ca3/files/5_Chap_5_2014_fall.pdf; *see also Cush-Crawford v. Adchem Corp.,* 271 F.3d 352 (2d Cir. 2001).

Dated:   Rochester, New York
         May 18, 2018

                                        /s/ Anthony J. LaDuca
                                        LADUCA LAW FIRM
                                        Anthony J. LaDuca, Esq.
                                        Attorneys for Plaintiff *Sherielee Figueroa*
                                        125 State Street
                                        Rochester, New York 14614
                                        Telephone No.: (585) 454-1000
                                        laduca@laducalawfirm.com