UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Sherielee Figueroa,

                         Plaintiff,                    Civil Action No.: 6:15-CV-6526

               v.

KK Sub II, LLC, John Pharo, Area Manager,
and Jennifer Hammel, District Manager,

                          Defendants.

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF FEE APPLICATION**

                                       LADUCA LAW FIRM, LLP
                                       Anthony J. LaDuca, Esq.
                                       Attorneys for Plaintiff
                                       125 State Street
                                       Rochester, New York 14614
                                       Telephone No.: (585) 454-1000

Anthony J. LaDuca
– Of Counsel –

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ......................................................................1

STATEMENT OF FACTS ............................................................................1

ARGUMENT ..............................................................................................3

POINT I      PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES
IS REASONABLE ..............................................................................3

    A.    Governing standards....................................................................3

    B.    The Lodestar is reasonable...........................................................6

    C.    Plaintiff may recover statutory post-judgment interest ....................6

    D.    Plaintiff is entitled to receive fees for time spent on the Fee Application ........7

    E.    The requested hourly rates are reasonable......................................7

    F.    The hours for which compensation is requested are reasonable ...................10

    G.    Matters reasonably pursued ......................................................11

    H.    Case-Specific variables.............................................................12

POINT II    THE COSTS & DISBURSEMENTS ARE REASONABLE AND
INTEREST SHOULD BE AWARDED ....................................................13

CONCLUSION ..........................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Abascal v. Fleckenstein,*
    No. 06–CV–0349S(Sr), 2014 WL 7075580 (W.D.N.Y. Dec. 15, 2014)........10

*Allapattah Servs., Inc. v. Exxon Corp.,*
    454 F. Supp. 2d 1185 (S.D. Fla. 2006) ...........................................................12

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,*
    522 F.3d 182 (2d Cir.2008)..............................................................................3

*Armstrong Pump, Inc. v. Hartman,*
    No. 10-cv-446S, 2014 WL 3529985 (W.D.N.Y. July 15, 2014) ....................10

*Barbour v. City of White Planes,*
    No. 07 Civ. 3014(RPP), 2013 WL 5526234, at*7 (S.D.N.Y. Oct. 7,
    2013).............................................................................................................. 10

*Blum v. Stenson,*
    465 U.S. 886 (1984)...............................................................................3, 7, 8

*Ceglia v. Zuckerburg,*
    No. 10-cv-00569A(F), 2012 WL 503810 (W.D.N.Y. Feb. 14. 2012) .............10

*Cowan v. Prudential Ins. Co. of Am.,*
    935 F.2d 522 (2d Cir. 1991)............................................................................4

*Farbotko v. Clinton Cnty. N.Y.,*
    433 F.3d 204 (2d Cir. 2005)............................................................................8

*Gierlinger v. Gleason,*
    160 F.3d 858 (2d Cir. 1998)............................................................................8

*Grant v. Martinez,*
    973 F.2d 96 (2d Cir. 1992)............................................................................13

*Greene v. N.Y.C.,*
    No. 12 Civ 6427(SAS), 2013 WL 5797121 (S.D.N.Y. October 25, 2013) .4, 13

*Grochowski v. Ajet Constr. Corp.,*
    No. 97 Civ. 6269 (NRB), 2002 WL 465272 (S.D.N.Y. Mar. 27, 2002)...........4

*Gusman v. Unisys Corp.,*
    986 F.2d 1146 (7th Cir. 1993) ........................................................................8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..................................................................3, 5, 6

*Johnson v. Ga. Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) .................................................5, 12

*LeBlanc-Sternberg v. Fletcher*,
    143 F.3d 748 (2d Cir. 1998)..........................................................13

*Millea v. Metro-North R.R. Co.*,
    658 F.3d 154 (2d Cir. 2011)........................................................4, 6

*Missouri v. Jenkins*,
    491 U.S. 274 (1989)...................................................................3, 8

*Morris v. Eversley*,
    343 F. Supp. 2d 234 (S.D.N.Y. 2004) ..........................................14

*Mugavero v. Arms Acres, Inc.*,
    No. 03 Civ. 05724(PGG), 2010 WL 451045 (S.D.N.Y. Feb. 9, 2010) ............8

*N.Y.S. Ass'n for Retarded Children, Inc. v. Cary*,
    711 F.2d 1136 (2d Cir. 1983)........................................................10

*Perdue v. Kenny A. ex rel. Winn*,
    559 U.S. 542 (2010)......................................................................3

*Quaratino v. Tiffany & Co.*,
    166 F.3d 422 (2d Cir. 1999)............................................................6

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*,
    818 F.2d 278 (2d Cir. 1987)..........................................................13

*Reiter v. MTA N.Y.C. Transit Auth.*,
    457 F.3d 224 (2d Cir. 2006)...........................................................8

*Ressler v. Jacobson*,
    149 F.R.D. 651 (M.D. Fla. 1992) ..................................................13

*Robbins & Myers, Inc. v. J.M. Huber Corp.*,
    No 01-CV-00201S(F), 2011 WL 1598973 (W.D.N.Y. April 27, 2011)..........10

*Rozell v. Ross-Holst*,
    576 F.Supp.2d 527 (S.D.N.Y. 2008) ......................................8, 11, 14

*Simmons v. N.Y.C. Transit Auth.*,
    575 F.3d 170 (2d Cir. 2009)............................................................8

*Smith v. Voorhees Coll.*,
    No. 5:05-1911 (RBH), 2008 WL 2627471 (D.S.C. June 27, 2008) ...............12

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1989)...........................................................................................3

*Tucker v. City of N.Y.*,
    704 F. Supp. 2d 347 (S.D.N.Y. 2010) .............................................................4

*Weyant v. Okst*,
    198 F.3d 311 (2d Cir. 1999)............................................................................4

**Statute**

42 U.S.C. § 2000e-5(k) .........................................................................................1

## PRELIMINARY STATEMENT

Plaintiff Sherielee Figueroa ("Plaintiff" or "Ms. Figueroa") respectfully submits this Memorandum of Law in support of her motion to recover attorneys' fees and costs and disbursements, with interest, pursuant to 42 U.S.C. § 2000e-5(k) and Federal Rule of Civil Procedure 54(d).

## STATEMENT OF FACTS

The LaDuca Law Firm, LLP ("LaDuca Law Firm") is counsel of record to Ms. Figueroa in this lawsuit. (LaDuca Dec. ¶).  This lawsuit was commenced on September 3, 2015 (Dkt. # 1). The original Complaint contained claims for sexual harassment, retaliation, and aiding and abetting.  Following this Court's Decision and Order on Defendant's Motion for Summary Judgment on January 26, 2018, Plaintiff moved forward with claims for retaliation and aiding and abetting under Title VII of the Civil Rights Act of 1964 and New York State Executive Law § 296, asserting that Defendants KK Sub II and Ms. Jennifer Hammel (collectively "Defendants") terminated Ms. Figueroa's employment and took other unlawful adverse employment action against her in retaliation for her engagement in conduct protected by Title VII and the New York State Human Rights Law(Dk. # 41).  As a result of this unlawful conduct by Defendants, Ms. Figueroa sought compensation for, among other things, non-economic injury, punitive damages, and attorneys' fees. (*Id.*).  Defendants filed an Answer to the Complaint denying Ms. Figueroa's claims and asserted that KK Sub had a legitimate, non-retaliatory reason for its adverse employment action against Ms. Figueroa. (Dk. # 8, 9).

1

Because this Court is well aware of the factual and procedural background of this lawsuit[1], it will not be repeated in its entirety. However, portions of the case history are set forth to the extent necessary to support the Fee Application.

A jury trial of this lawsuit commenced on July 6, 2018 and the case was submitted to the Jury for deliberation on July 13, 2018. The Jury returned a unanimous verdict for Plaintiff Sherielee Figueroa as to the claims of retaliation and aiding and abetting. (DK. # 83). The jury rendered an award of $150,000 for compensatory damages and $275,000 for punitive damages against Defendants. (*Id.*)

The LaDuca Law Firm has provided legal services to Ms. Figueroa that include preliminary investigation, preparation and attendance at the Division of Human Rights with Ms. Figueroa, commencement of this lawsuit, discovery and factual development, mediation, opposition to a summary judgment motion made by Defendants, research and application of motions in limine, focus groups of the issues in this lawsuit with a jury consultant, appearances at oral argument for motions, six depositions, attendance at court-ordered conferences, preparation for trial, meetings and conferences with witnesses, and trial of this lawsuit in the Western District of New York, among other things. (Decl. ¶ 4-15). The LaDuca Law Firm has provided approximately four years of legal services to Ms. Figueroa and continues to represent her with respect to this Fee Application. (Decl. ¶ 4).

In total, from commencement to the filing of this motion, Ms. Figueroa has incurred reasonable attorneys' fees of $224,790, together with costs and disbursements necessary to

---

[1] The Judgment dated July 17, 2018 (DK. #85) sets forth the factual and procedural background of this case.

prosecute this lawsuit of $5,080.82 for LaDuca Law Firm, LLP (Decl. ¶ 23) and $1,865.47 for Mr.

Bradshaw's expense (Decl. ¶ 59 ).  Ms. Figueroa seeks full recovery of these amounts.

**ARGUMENT**
**POINT I**
**PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IS REASONABLE**

**A.     Governing standards**

The first step in determining whether an award of attorneys' fees is appropriate in any civil

rights case is to examine whether the party "crossed the 'statutory threshold' of prevailing party

status." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989). The

Supreme Court has explained that this is a "generous formulation" and that, if the plaintiff succeeds

"'on any significant issue in litigation which achieves some of the benefit the parties sought in

bringing suit,'" then she is a prevailing party.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)

*(*quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir. 1978).

To determine an award of attorneys' fees, a court begins with the "presumptively

reasonable fee" generally referred to as the "lodestar."  *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir.2008); *see also Perdue*

*v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the

lodestar figure is reasonable...").  A reasonable attorney fee is "one calculated on the basis of rates

and practices prevailing in the relevant market, i.e., 'in line with those [rates] prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and

reputation.'" *Missouri v. Jenkins,* 491 U.S. 274, 286 (1989) (alteration in original) (*citing Blum v.*

*Stenson,* 465 U.S. 886 (1984). Stated another way, a reasonable fee is one which is sufficient to

induce a capable attorney to undertake the representation of a meritorious civil rights case. *See*

*Kenny A.*, 559 U.S. at 552.

3

Attorneys' fees need not be proportional to the amount of damages obtained by the Plaintiff. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) ("calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes"); *Greene v. N.Y.C.,* No. 12 Civ 6427(SAS), 2013 WL 5797121, at *2 (S.D.N.Y. October 25, 2013). Indeed, courts have upheld substantial awards of attorneys' fees even when plaintiffs recovered only nominal damages, finding that "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourage[s] the vindication of congressionally identified policies and rights.'" *Grochowski v. Ajet Constr. Corp.,*No. 97 Civ. 6269 (NRB), 2002 WL 465272, at *2 (S.D.N.Y. Mar. 27, 2002) (second alteration in original) (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)); *see also Tucker v. City of N.Y.*, 704 F. Supp. 2d 347, 359 n.10 (S.D.N.Y. 2010) ("[S]ettled case law [is] that the setting of statutory [attorneys'] fees does not require proportionality between the plaintiff's recovery and the amount of the fee award."). A party is also entitled to the reasonable cost of preparing and defending a fee application. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999).

The Supreme Court has reaffirmed the use of the lodestar method for determining the reasonable fee award. *See Kenny A.,*559 U.S. at 551 ("[t]he 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (alteration in original) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002)). Under the lodestar method, the plaintiff's reasonable fee award is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 524 (2d Cir. 1991). While the "lodestar method was never intended to be conclusive in all circumstances…there is a 'strong presumption' that the lodestar figure is reasonable."*Kenny A.*, 559 U.S. at 553-54; *Millea*, 658 F.3d at 166.

4

In discussing the appropriate methodology for determining a fee award, the Supreme Court in *Kenny A.* compared the preferred lodestar approach with the method set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which requires a court to balance twelve factors in determining a proper fee award.[2]   The Supreme Court was critical of the *Johnson* approach because it "'gave very little actual guidance to district courts'" and permitted courts to set "'attorneys' fees by reference to a series of sometimes subjective factors [that] placed unlimited discretion in trial judges and produced disparate results.'"  *Kenny A.*, 559 U.S. at 551 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In contrast, the Supreme Court enumerated the "important virtues" of the lodestar approach:

> First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to "the prevailing market rates in the relevant community." Developed after the practice of hourly billing had become widespread, the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. Second, the lodestar method is readily administrable; and unlike the *Johnson* approach, the lodestar calculation is "objective," and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results. *Id.*

Notably, a primary factor supporting the award of attorneys' fees and costs is the level of success achieved on behalf of the prevailing party. *See Hensley,* 461 U.S. 434. As the Supreme Court has directed:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award

---

2 The twelve *Johnson* factors are:
   (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

> may be justified. In these circumstances the fee award should not be reduced simply
> because the plaintiff failed to prevail on every contention raised in the lawsuit.

*Hensley,* 461 U.S. at 435. The most critical factor is the degree of success obtained, especially in

civil rights litigation involving challenges to institutional practices or conditions, as it is generally

lengthy and requires hours of attorney services. *See Hensley,* 461 U.S. at 436.

Here, it cannot be disputed that the LaDuca Law Firm obtained an excellent result for Ms.

Figueroa.  Not only was there a substantial compensatory award, the Plaintiff was awarded

significant punitive damages, for which the evidentiary threshold is generally higher.  Both these

results were attained in the face of a vigorous defense.  Thus, counsel is entitled to an award that

fully compensates the legal work performed on Ms. Figueroa's behalf.

### B.      The Lodestar is reasonable

There is a "strong presumption" that the lodestar figure represents a reasonable fee. *Millea*,

658 F.3d at 166; *Kenny A.*, 559 U.S. at 554; *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d

Cir. 1999) (quoting *Del. Valley*, 478 U.S. at 565).  In accordance with the lodestar calculations,

Plaintiff's claim for fees is the product of a reasonable number of hours expended multiplied by

an appropriate hourly rate. *Hensley*, 461 U.S. at 433.

The time spent by Ms. Figueroa's attorneys in this case is described in the Declaration of

Anthony J. LaDuca.[3]  The Declaration of Anthony J. LaDuca and the exhibits provide a detailed

overview of the tasks that were required to bring this action to a successful resolution for Plaintiff.

### C.      Plaintiff may recover statutory post-judgment interest

---

[3] "LaDuca Decl." refers to the Declaration of Anthony J. LaDuca, dated July 26, 2018 (DK. #88).

Plaintiff may recover statutory post-judgment interest on the award for attorneys' fees and costs, pursuant to 28 USC § 1961. For both costs and attorneys' fees, the interest begins to accrue not when the court issues its decision stating the exact fees and costs owed; rather, it begins to accrue when the "party becomes entitled to the award even if that award is not quantified until a later point." *Forest Laboratories, Inc. v. Abbott Laboratories*, 2006 WL 7077571 at * 4 (W.D.N.Y. 2006) (awarding statutory interest on costs); *Kirk v. New York State Dept. of Educ.*, 2009 WL 4280555 at * 4 (W.D.N.Y. 2009) (awarding statutory interest on attorneys' fees). The current applicable interest rate, is 0.61% annually. *See* Federal Reserve 1-year nominal interest rate for the week ending with September 16, 2016 (released 09/19/2016).

### D.      Plaintiff is entitled to receive fees for time spent on the Fee Application

In addition to the fees accrued in connection with the litigation of the case itself, it is also well established that a prevailing party is authorized to receive fees for time spent on the application for attorney's fees itself. *See Rosado v. City of New York*, 2012[KM1] WL 955510, *2 (S.D.N.Y. 2012) ("Furthermore, a prevailing party is also entitled to reimbursement for time reasonably expended in preparing his attorneys' fee application."); *Davis v. City of New Rochelle*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994) (It is well-settled that attorneys should be compensation for "time reasonably spent by plaintiff's attorneys in establishing their fee pursuant to fee-shifting statutes") (quoting *Gagne v. Maher,* 594 F.2d 336, 344 (2d. Cir. 1979), *aff'd,* 448 U.S. 122 (1980)).

### E.      The requested hourly rates are reasonable

A reasonable hourly rate is one which is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to . . . as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see Kenny A.*, 559 U.S. at 551

(noting that the aim of fee-shifting statutes is to approximate "the prevailing market rates in the relevant community")(quoting *Blum,* 465 U.S. at 895); *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009) ("[D]istrict courts are directed to calculate attorneys' fees based on the rates prevalent in the forum in which the litigation was brought.") Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton Cnty. N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005).

This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* In addition, courts will often look to the attorney's customary rate as a logical starting point for determining the reasonable hourly rate for purposes of a fee calculation. *See, e.g., Mugavero v. Arms Acres, Inc.*, No. 03 Civ. 05724(PGG), 2010 WL 451045, at *5 (S.D.N.Y. Feb. 9, 2010) (citing cases); *Rozell*, 576 F. Supp. 2d at 544 ("[R]ates that plaintiff's counsel actually charge their clients . . . [are] obviously strong evidence of what the market will bear."); *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("[T]he best measure of the cost of an attorney's time is what that attorney could earn from paying clients.").

Among the factors to be considered in the assignment of hourly rates are the quality of representation and the experience and special skill of the attorney. *See Blum*, 465 U.S. at 898-99. Rates are awarded at the hourly rate that is current at the time of the award to account for the delay between the time services are rendered and the fees recovered. *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006); *see Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (remanding case for calculation at current, not former, hourly rate even though some delay was attributable to the requesting party) (*citing Missouri,*491 U.S. at 284; *Rozell,* 576 F. Supp. 2d at

545 ("current rather than historic rates should be utilized to account for the delay between the date services were rendered and when fees can be recovered").

Ms. Figueroa requests that the attorneys and paralegal who have worked on this lawsuit from the LaDuca Law Firm or as counsel thereto be compensated pursuant the following schedule of rates:

| ATTORNEY/PARALEGAL | HOURS WORKED | RATE PER HOUR | YEARS OF PRACTICE | TOTAL FEES |
|---|---|---|---|---|
| Anthony J. LaDuca | 599.44 | $375 | 24 | $224,790 |
| Brad Bradshaw | 188.3 | $100 | 17 | $18,830 |
| Michael Steinberg | 100.7 | $300.00 | 29 | $30,210 |
| Mary Jane Kemnitz | 76.13 | $125 | 14 | $9516.25 |
| TOTAL | | | | $283,346.25 |

These rates are the customary rates for these attorneys and paralegals. (LaDuca Dec. ¶ 16). In addition, these customary rates are reasonable based on prevailing rates in the Western New York region, and are appropriate to the level of skill of the attorneys and legal staff who worked on Ms. Figueroa's behalf. The rates being sought are well within the range of rates actually charged by comparable law firms in this District (see below).

These rates are consistent with other judicially-awarded rates in this District. For example, a rate of $350 per hour has been approved for senior partners in the Western District of New York.

*See Abascal v. Fleckenstein,* No. 06–CV–0349S(Sr), 2014 WL 7075580, at *5 (W.D.N.Y. Dec. 15, 2014); *Robbins & Myers, Inc. v. J.M. Huber Corp.,,* No 01-CV-00201S(F), 2011 WL 1598973 (W.D.N.Y. April 27, 2011) (Court held that the attorney's fee of $355 per hour for partner at Phillips Lytle since 1980 was reasonable and consistent with local practices). A rate of $275 per hour has been approved based on the relative experience of counsel. *See Armstrong Pump, Inc. v. Hartman,* No. 10-cv-446S,2014 WL 3529985 (W.D.N.Y. July 15, 2014); *see also Ceglia v. Zuckerburg,* No. 10-cv-00569A(F), 2012 WL 503810, at *15 (W.D.N.Y. Feb. 14. 2012) (approving out-of-district attorneys' hourly rates of $716.25 for senior partner and $337.50 for second year associate because, among other things, "[t]he 2011 Billing Survey lists the hourly billing rates for Hodgson Russ, the largest law firm located in Buffalo, at $685 as the highest partner billing rate and $420 as the highest associate billing rate").

## F.     The hours for which compensation is requested are reasonable

As discussed above, the time spent by Ms. Figueroa's attorney is detailed in the contemporaneous time records attached to the Declaration of Anthony J. LaDuca.  As evidenced by these contemporaneous time records, this case was reasonably staffed by all parties involved.  (LaDuca Dec. ¶ 21).  These records fully satisfy the law of this circuit that requires fee applications be documented "with contemporaneous time records," which "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y.S.Ass'n for Retarded Children, Inc. v. Cary,* 711 F.2d 1136, 1148 (2d Cir. 1983); *see also*, *Barbourv. City of White Planes*, No. 07 Civ. 3014(RPP), 2013 WL 5526234, at*7 (S.D.N.Y. Oct. 7, 2013) (Courts may use block billing to discount fees request if there is evidence that the hours billed were independently unreasonable or that the block billing was mixing together tasks that are not compensable or not compensable at the same rate)  Any research conducted by senior attorneys working on Plaintiff's

10

behalf is also recoverable. *Id.*at *5 (senior attorneys awarded significant time spent on legal research).

Importantly, the LaDuca Law Firm is not requesting fees concerning the sexual harassment claim. As such, it is limiting their fees solely to the claims of retaliation and aiding and abetting. Ms. Figueroa has endeavored both to narrowly tailor the hours claimed to ensure that the hours requested are not excessive, redundant, or otherwise unnecessary. (LaDuca Dec. ¶ 22). In short, the LaDuca Law Firm has acted efficiently and reasonably in prosecuting this lawsuit.

Notably, the District Court in *Rozell, supra,* approved 3,170.22 hours and more than $1 Million in fees in a Title VII case that settled on the eve of trial. *See, Rozell*, 576 F. Supp. 2d at 546-47. Here, Ms. Figueroa is seeking approval of substantially fewer total hours worked (964.57) and lower fees $283,346.25 for a case that was actually went to trial before a jury.

### G.     Matters reasonably pursued

The work that was performed by the LaDuca Law firm was done in anticipation and with knowledge that the Plaintiff's claims would require going to trial. For example, prior to this litigation, Mr. LaDuca accompanied Ms. Figueroa to a hearing that took place with the New York State Division of Human Rights ("NYSDHR") where it was determined Ms. Figueroa had "probable cause." After the NYSDHR's hearing, there was a mandatory settlement conference for which the attorneys for the Defendants failed to call. Following this failure to call, there was a mandatory mediation administered by Steven Modica where Defendant KK Sub II's attorney Mr. White failed to appear. (LaDuca Dec. ¶ 11). Defendant Jennifer Hammell's attorney, Mr. Fleming, did appear, however, he told the Plaintiff he had no authority to make any settlement offer. (LaDuca Dec. ¶ 12). Based on the foregoing, Plaintiff knew that Defendants had no intention to

reach a settlement and therefore Plaintiff's claims would require thorough trial preparation. (LaDuca Dec. ¶ 51).

It is customary for the LaDuca Law Firm to hire a jury consultant who administers focus groups on the triable issues of the case. Importantly, the focus groups were key in Mr. LaDuca's trial strategy that ultimately allowed the Plaintiff to prevail on both compensatory and punitive damages. For example, the focus group informed the Plaintiff that the specific words spoken to her by Mr. Pharo were less significant than the lack of an adequate Human Resources department. Without these focus groups, Plaintiff might not have had the key insights that allowed the Plaintiff to prevail on her claims.

### H.    Case-Specific variables

A consideration of the *Johnson* factors tips decidedly in favor of Plaintiff's Fee Application. Some of these factors have been addressed above. (*See supra* 7-11 (discussing the successful outcome for the plaintiff; experience, reputation, and ability of counsel; and counsels' customary hourly rates).

While Plaintiff's attorneys obviously do not agree, it has been noted that "[m]any attorneys consider employment cases to be undesirable due to the fact that they require special expertise and have many risks." *Smith v. Voorhees Coll.,* No. 5:05-1911 (RBH), 2008 WL 2627471, at *5 (D.S.C. June 27, 2008).

Moreover, LaDuca Law Firm did not have a working relationship with Ms. Figueroa prior to this matter. Thus, LaDuca Law firm had to forge a close relationship with Ms. Figueroa to successfully prosecute her case. The fact that Ms. Figueroa was not a prior a client of LaDuca Law Firm is a factor that courts have weighed in favor of a higher fee award. *Allapattah Servs.,*

*Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1216 (S.D. Fla. 2006) (plaintiffs' lack of "track record" with firm favors higher award); *Ressler v. Jacobson*, 149 F.R.D. 651, 655 (M.D. Fla. 1992) (same).

Finally, with respect to the degree of Ms. Figueroa's success, this factor also weighs heavily in favor of a higher fee award. *See Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992) (stating that while "the lodestar figure may be reduced in situations in which plaintiffs receive[d] only nominal damage awards . . . such a reduction would be inappropriate . . . where the parties settled for $60,000 - an amount that defies the 'nominal' label."); *Greene*, 2013 WL 5797121 at \*3 "[t]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by plaintiff.") (quoting *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). The Jury awarded Ms. Figueroa both compensatory damages and punitive damages against Defendant. Her compensatory damages are attributed to the State claim. Bick v. City of New York, 1998 US Dist LEXIS 5543, 63-64(S.D.N.Y. 1998). Her punitive damages are capped by statute. This is an exceptionable success.

## POINT II

### THE COSTS & DISBURSEMENTS ARE REASONABLE
### AND INTEREST SHOULD BE AWARDED

Ms. Figueroa's litigation costs and disbursements amount to $6,946.29 and are detailed in the disbursement records annexed as Exhibit B and F of the Declaration of Anthony J. LaDuca. Plaintiff is entitled to her reasonable disbursements and costs for her claim. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (abuse of discretion not to award plaintiff reasonable out-of-pocket costs); *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (plaintiff entitled to "'those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee-paying clients'").

13

| | |
|---|---|
| The LaDuca Law Firm | $5,080.82 |
| Bradshaw Litigation Consulting, LLC | $1,865.47 |
| **TOTAL COSTS & DISBURSEMENTS** | **$6,946.29** |

The costs incurred by Ms. Figueroa in the prosecution of this action are of the type that are commonly awarded to the prevailing party. *See Rozell,* 576 F.Supp.2d at 547 (awarding costs and disbursements for, among other things, consultant/expert, messenger, FedEx, photocopies, witness fees, subpoenas, and medical records); *see also Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (§ 1988 action awarding costs available under Fed. R. Civ. P. 54(d) and "any additional costs ordinarily charged in the particular legal marketplace.") (*citing Anderson v. City of N.Y.*, 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001)). Ms. Figueroa is also entitled to an award of interest on the costs and disbursements from the date that each expense was incurred. *See Rozell,* 576 F.Supp.2d at 547-48.

## <u>CONCLUSION</u>

For all the reasons set forth above, the Court should grant Ms. Figueroa's Fee Application in all respects. It is respectfully submitted that this Court should award $283,346.25 in reasonable attorneys' fees to the LaDuca Law Firm, together with costs and disbursements of $6,946.29, with interest.

Dated: Rochester, New York
     July 26, 2018

LADUCA LAW FIRM, LLP

s/Anthony J. LaDuca
Anthony J. LaDuca, Esq.
Attorneys for Plaintiff
125 State Street
Rochester, New York 14614
Telephone No.: (585) 454-1000
laduca@laducalawfirm.com

14